## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMEY LASHON PATTON, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-05-819-M |
| ) | |
| JOHN WHETSEL, SHERIFF, ) | |
| OKLAHOMA COUNTY, ) | |
| Respondent. ) | |

### **REPORT AND RECOMMENDATION**

Petitioner, a state pre-trial detainee appearing *pro se*, brings this action pursuant to 28 U.S.C. §2241 seeking a writ of habeas corpus.[1]  Judge Miles-LaGrange has referred this matter for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).  In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed the Petition and for the reasons set forth below, it is recommended that the Petition be summarily dismissed without prejudice to refiling.[2]

---

[1] Petitioner seeks to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The Complaint indicates, however, that Petitioner is a state pre-trial detainee and seeks as relief in this action enforcement of his right to a speedy trial or dismissal of pending criminal charges and his immediate release from confinement. The appropriate form of relief for Petitioner is under 28 U.S.C. §2241 which gives district courts the power to entertain an application for a writ of habeas corpus on behalf of a petitioner purportedly "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-493 (1973).  This action, therefore, will be construed as a request for habeas relief pursuant to 28 U.S.C. § 2241.

[2] *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other habeas actions such as the instant case, in the Court's discretion).  *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

Petitioner claims that his Sixth Amendment right to a speedy trial has been violated. He further claims that the speedy trial violation has resulted in denial of due process. He seeks enforcement of his right to a speedy trial or dismissal of charges.

Petitioner is currently detained in the Oklahoma County Detention Center awaiting trial on charges of Robbery in the First Degree, Case No. CF-2004-0029, District Court of Oklahoma County, State of Oklahoma. Petitioner alleges that he has been in custody since December 19, 2003.

The Oklahoma County District Court docket for Case No. CF-2004-0029 reflects that the information was filed on January 2, 2004.[3] Petitioner was arraigned on January 8, 2004, and pled not guilty. A preliminary hearing was held on June 9, 2004, and Petitioner was bound over for trial.

The docket further reflects that Petitioner filed a Motion for Fast and Public Trial and/or Dismissal of Charges on July 7, 2005. That motion is pending before the state district court. Petitioner's trial is currently set for October 17, 2005.

## Analysis

As a general rule, federal courts will not entertain pretrial habeas petitions pursuant to longstanding principles of federalism and comity that counsel against federal interference with pending state court proceedings. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Younger v. Harris*, 401 U.S. 37 (1971). Special

---

[3]The Court takes judicial notice of the docket for case number CF-2004-0029, District Court of Oklahoma County, State of Oklahoma which may be accessed at www.oscn.net.

circumstances must exist to overcome this general rule. *Id.*; *see also Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977); *Williams v. State of Oklahoma*, 399 F. Supp. 400, 401-402 (W.D. Okla. 1975). Petitioner alleges no special circumstances that would justify federal court interference with his pending state court criminal prosecution. Therefore, the Court should abstain from exercising jurisdiction over Petitioner's action.

In addition, exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition. *Braden*, 410 U.S. at 489. *See also Capps v. Sullivan*, 13 F.3d at 354 n. 2 (pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241); *Royals v. Day*, 446 F. Supp. 887, 888 (W.D. Okla. 1978) ("A federal habeas petitioner asserting a constitutional claim of denial of a speedy trial must have exhausted available State court remedies for consideration by a federal court of that constitutional claim.").

State remedies exist pursuant to which Petitioner could seek redress on his speedy trial claim and his other claims alleging violations of his constitutional rights. *See* Okla. Stat. tit. 22, §§ 812.1 and 812.2 (providing for district court review of any case where a "person charged with a crime and held in jail solely by reason thereof is not brought to trial within one (1) year after arrest . . . to determine if the right of the accused to a speedy trial is being protected"). *See also* Okla. Stat. tit. 12, §1331 ("Every person restrained of his liberty, under any pretense whatsoever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."); Rule 10.1, Rules of the Court

of Criminal Appeals (providing that the Oklahoma Court of Criminal Appeals may review applications for extraordinary writs including writs of mandamus, prohibition and habeas corpus if the applicant has been denied relief in the trial court).

As previously set forth, the state district court docket reflects that Petitioner has a pending motion in state court raising issues related to his speedy trial rights.

Because matters related to Petitioner's requested relief in this action remain pending before the state court, the Petition should be dismissed without prejudice to allow Petitioner to exhaust his state court remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting longstanding rule that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Olson v. State of Kansas*, No. 92-3151, 1993 WL 118884 at *1 (10th Cir. April 16, 1993) (unpublished op.)[4] (affirming dismissal of speedy trial claim because there was no indication in the complaint that the claim had been presented to the state court), *citing United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (for comity reasons federal courts may require detainees incarcerated by the state, awaiting trial, to exhaust speedy trial claims in state court before seeking writ of habeas corpus).

Petitioner has not shown the requisite special circumstances sufficient to warrant federal court intervention into an ongoing state criminal prosecution. Furthermore, Petitioner has not exhausted available state court remedies. Accordingly, it is recommended that the

---

[4]This unpublished Tenth Circuit opinion is cited for its persuasive authority pursuant to 10th Cir. R. 36.3(B).

Court abstain from considering Petitioner's claims and that this action be dismissed without prejudice to allow Petitioner to exhaust his available state remedies.

## **RECOMMENDATION**

It is recommended that this action be summarily dismissed without prejudice to refiling.

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by October __4th__, 2005. *See* LCvR72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __14th__ day of September, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE